**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANA MARIA PEREZ ESTIU,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:26-CV-04737** |
| | § | |
| **MARTIN FRINK,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |
| | § | |

**ORDER**

Before the Court is Petitioner Ana Maria Perez Estiu's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 5). For the following reasons, the Court **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

I.      **BACKGROUND**

Petitioner Ana Maria Perez Estiu is a citizen of Cuba who entered the United States without inspection on December 30, 2021. ECF No. 1 at ¶ 23; ECF No. 5, Ex. 1 (Notice to Appear). Shortly thereafter, she was encountered by U.S. border patrol agents and placed in detention. ECF No. 1 at ¶ 23. On January 2, 2022, the Department of Homeland Security (DHS) issued Petitioner a Notice to Appear in removal proceedings before an immigration judge (IJ). ECF No. 5, Ex. 1. The NTA charged Petitioner with being "an alien present in the United States who has not been admitted or paroled." *Id*. DHS then released Petitioner from custody under an Order of Release on Recognizance (ORR). ECF No. 1 at ¶ 23.

On August 25, 2025, Petitioner was re-detained while attending her regularly scheduled check-in with Immigration and Customs Enforcement (ICE). *Id*. at ¶ 24. She was not provided with prior notice of the revocation of her release, an individualized justification, nor an opportunity to challenge this revocation. *Id*. Instead, Petitioner was re-detained because under DHS's new interpretation of the relevant immigration detention statutes, she fell into the category of people subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

On December 22, 2025, a court in this District ordered the Government to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) at which Petitioner would have the burden to prove that she was not a flight risk or a danger to the community.[1] *See* ECF No. 1 at ¶ 26; *Perez Estiu v. Warden, Montgomery Processing Center*, No. 4:25-cv-05976, Dkt. 12 (S.D. Tex. Dec. 22, 2025). ICE held a § 1226(a) bond hearing for Petitioner, but failed to produce her for this hearing. ECF No. 1 at ¶ 27. Petitioner's prior counsel waived Petitioner's appearance At this hearing, Petitioner provided evidence that she was employed with lawful work authorization, she had a U.S. citizen spouse, as well as a Lawful Permanent Resident brother, and had a fixed address and bond sponsor. *See* ECF No. 1, Ex. 4 (Bond Packet). The IJ denied bond on the basis that Petitioner was a flight risk because she had failed to produce her income tax returns. ECF No. 1, Ex. 1 (First Bond Denial).

On January 23, 2026, the Government conducted a second § 1226(a) bond hearing at which they again failed to produce Petitioner. ECF No. 1 at 30. However, Petitioner's counsel produced evidence of her 2024 income tax returns, the absence of which had been the basis of the previous

---

[1] Although § 1226(a) itself does not specify the burden of proof that applies to these bond hearings, the Government places the burden on noncitizens detained under this provision to prove that they are *not* a danger or flight risk. *See Velasco Lopez v. Decker*, 978 F.3d 842, 849 (2d Cir. 2020) (explaining the burden of proof under § 1226(a)).

denial of bond. *See* ECF No. 1, Ex. 5 (Tax Returns). The IJ denied bond again, this time finding that Petitioner was a flight risk because on October 16, 2025, Petitioner had been ordered removed and therefore was a flight risk. *See* ECF No. 1, Ex. 2 (Second Bond Denial); ECF No. 5, Ex. 2 (Removal Order). Petitioner timely appealed this removal order to the Board of Immigration Appeals (BIA) and that appeal remains pending, meaning that Petitioner is not subject to a final order of removal. The BIA issued a briefing schedule for the appeal on June 1, 2026. *See* ECF No. 1, Ex. 6.

Petitioner has now been detained for more than ten months. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).

## II.     ANALYSIS

Petitioner argues, among other claims, that her detention violates her Fifth Amendment right to due process of law. Because the Court agrees that Petitioner's detention violates her procedural due process rights, it declines to address her additional claims.

The Court has previously concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance or similar release order without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. *See Betancourth v. Tate, et al.*, 822 F.Supp.3d 762, 768-770 (S.D. Tex. 2026); *Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 at *3 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 at * 4-6 (S.D. Tex. Feb. 25, 2026). The Court declines to reconsider its prior decisions on this issue and concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

Although Petitioner's situation differs from the above-cited cases in that she later received two § 1226(a)-style bond hearings at which the IJ denied bond, the Court is not persuaded that these hearings cured the violation of Petitioner's due process rights.

First, the Court is troubled by the fact that both hearings were conducted without Petitioner present. Since Petitioner is in ICE custody, the Court assumes that the failure to produce Petitioner at the hearings was attributable to the Government. Petitioner's absence is especially troubling given the burden to prove that Petitioner was not a flight risk or danger rested on Petitioner at these hearings. While Petitioner was represented by counsel at the hearings and counsel waived her appearance at the first hearing (after ICE failed to produce her), Petitioner's absence at both hearings raises due process concerns, particularly in a situation where DHS had previously determined that Petitioner was neither a flight risk nor a danger when it released her on an ORR in 2021.

Second, at Petitioner's second bond hearing, the IJ appeared to rely on a misreading of the Immigration Court Practice Manual in order to deny bond. At this hearing, Petitioner produced the missing income tax returns that had been the basis of the IJ's previous finding that she was a flight risk. Nonetheless, the IJ again denied bond, relying in part on a finding that because Petitioner had been ordered removed on October 16, 2025, "the bond request would appear moot and the Court no longer has jurisdiction to grant a bond." Second Bond Denial at 3 (citing Immigration Court Practice Manual Chapter 9.3(b)(ii) (Aug. 2, 2018)). But Chapter 9.3(b)(ii) states that a bond request is moot when a noncitizen "is denied relief from removal by the Immigration Judge, and the alien does not appeal" or "is denied relief from removal by the Board of Immigration Appeals." Neither of these situations is applicable here. The Court therefore questions whether Petitioner received an individualized determination on the merits of her bond request.

4 / 7

Finally, even assuming *arguendo* that these bond hearings cured the initial violation of Petitioner's due process rights, Petitioner's ten-month detention without a hearing at which the Government bore the burden of justifying her continued detention has now become unreasonably prolonged. *See Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020) (holding that a fifteen month period of detention under § 1226(a) was unreasonably prolonged); *Hernandez-Lara v. Lyons*, 10 F.4th 19, 35 (1st Cir. 2021) (holding that a ten month period of detention under § 1226(a) was unreasonable); *Valladares Mata v. Bond[i]*, No. 4:26-CV-01459, 2026 WL 1146779, at *2 (S.D. Tex. Apr. 27, 2026) (finding five month period of detention under § 1226(a) was unreasonably prolonged).

For all of these reasons, the Court concludes that Petitioner's ongoing detention violates her Fifth Amendment right to due process.

## III.    REMEDY

"[I]n habeas cases where the Court finds an ongoing detention unlawful, 'the typical remedy for such detention is, of course, release.'" *Guevara Carabantes v. Bondi, et al.*, No. 1:26-CV-446-RP, 2026 WL 689995, at *5 (W.D. Tex. Mar. 5, 2026) (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)).

Given the severity of the ongoing unconstitutional deprivation of Petitioner's liberty, the Court concludes that immediate release from custody is required. The Court agrees with other Courts in the Fifth Circuit and elsewhere which have found immediate release appropriate in the face of similar ongoing deprivations of liberty. *See, e.g., Cruz-Reyes v. Bondi*, No. 5:26-CV-60, 2026 WL 332315, at *6 (S.D. Tex. Feb. 3, 2026) (requiring immediate release where "Petitioner ha[d] demonstrated a profound liberty interest in his freedom from civil detention and a concrete, ongoing deprivation of that liberty without any process provided by Respondents to justify his

5 / 7

detention"); *Gonzalez v. Joyce*, No. 25 CIV. 8250 (AT), 2025 WL 2961626, at *5 (S.D.N.Y. Oct. 19, 2025) (ordering release because "[a bond] hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Perdomo-Casana v. Lyons*, No. 1:26-CV-345-RP, 2026 WL 607267, at *6 (W.D. Tex. Mar. 4, 2026) (collecting cases).

The Court therefore **ORDERS** as follows.

1.  Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of her prior release order.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel of the time and place of release **no less than three hours** prior.

3.  Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before July 14, 2026**, informing the Court of the status of Petitioner's release and the Government's compliance with this order.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 10, 2026.

                    Keith P. Ellison
                    United States District Judge